**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| TOTAL PROPERTY RESOURCES, LLC | Case No. |
| Plaintiff, | Hon. |
| -vs- | Removed from: |
| EVANSTON INSURANCE COMPANY | Muskingum County Court of Common Pleas |
| Defendant. | Case No. CH2023-0281 |

**DEFENDANT EVANSTON INSURANCE COMPANY'S
<u>NOTICE OF REMOVAL</u>**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the Defendant Evanston Insurance Company ("Evanston") through their counsel, Dickinson Wright, PLLC, removes the above-captioned action from the Court of Common Please, Muskingum County, Ohio, where it is now pending, to the United States District Court for the Southern District of Ohio, Eastern Division. In support of this Notice of Removal, Evanston states as follows:

1.  On October 17, 2023, Plaintiff Total Property Resources, LLC ("TRP" or "Plaintiff") commenced a civil action against Evanston in the Court of Common Pleas, Muskingum County, State of Ohio, in the case entitled *Total Property Resources, LLC v. Evanston Insurance Company*, Case No. CH2023-0281 before the Honorable Judge Fleegle (the "State Court Action"). Plaintiff alleges damages in excess of $25,000 for Breach of Contract (Count 1), Breach of the Implied Covenant of Good Faith and Fair Dealing (Count 2), and Bad Faith (Count 3), which is the jurisdictional minimum for the Ohio Court of Common Pleas.

2.  On or about October 17. 2023, Evanston was served with a copy of the Summons and Complaint via certified mail. Copies of all process, pleadings and orders served upon Evanston

are being filed as required by 28 U.S.C. § 1446 and are attached hereto as **Exhibit A**. A copy of the State Court Action civil docket sheet is attached as **Exhibit B**.

3.  Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being timely filed within 30 days of the service of the Summons and Complaint by Plaintiff on October 17, 2023.

4.  Pursuant to 28 U.S.C. § 1441(d), a Notice of Filing Notice of Removal and a copy of this Notice of Removal is being served upon Plaintiff and filed with the Clerk of the Court of Common Pleas of Muskingum County, Ohio. **Exhibit C**.

5.  This Court is the district and division "embracing the place where [the State Court Action] is pending." 28 U.S.C. § 1441(a). The Muskingum County Court of Common Pleas is located in the Southern District of Ohio.

6.  Evanston removes this case based upon diversity jurisdiction.

## DIVERSITY OF JURISDICITON EXISTS

7.  The Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332 because this action is between citizens of different states.

8.  Complete diversity of citizenship existed between Plaintiff and Evanston at the time of filing of the Complaint, at the time of removal and all intervening times.

9.  Based on Ohio Secretary of State records, Plaintiff is an Ohio limited liability company with a principal place of business located in Muskingum County, Ohio. **Exhibit D**. Counsel for Plaintiff also confirmed that Plaintiff has only two members, John Wagner and Justin Wagner, who are individuals and citizens of the State of Ohio. Accordingly, Plaintiff is a citizen of the State of Ohio for purposes of determining diversity of citizenship. *See Carden v. Arkoma*

*Assocs.*, 494 U.S. 185, 195 (1990) (an LLC is a citizen of every state in which its members are citizens).

10. Defendant Evanston is an Illinois corporation with its principal place of business in Glen Allen, Virginia.

11. Based on the foregoing, complete diversity exists between Plaintiff and Defendant.

**AMOUNT IN CONTROVERSY**

12. Plaintiff's Complaint seeks, without any computation, a judgment in excess of $25,000 arising out of its claims for insurance proceeds related to a May 3, 2022 hail and wind storm that damaged 41 properties owned by Plaintiff and insured by policies issued by Evanston. *See* Compl. ¶¶ 6, 17, 23, 28.

13. In the Sixth Circuit, where a state court rule allows a plaintiff to "seek and recover damages exceeding the amount prayed for," removal is appropriate if "it is more likely than not that the plaintiff's claims meet the amount in controversy requirement." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (internal quotations and citation omitted).

14. Ohio Civ. R. 54(C) provides that, except for default judgments, "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded the relief in the pleadings."

15. On or about November 2, 2022, Plaintiff submitted claims for coverage related to the May 3, 2022 wind/hail storm and the damage allegedly sustained at the Properties.

16. Evanston inspected the properties and estimated Plaintiff's covered losses at a combined amount of $595,975.36.

17. In response, Plaintiff submitted its own estimates claiming that the total amount of covered damage at the Properties to be $1,453,432.32. A sample of the parties' respective estimates demonstrating that the amount in controversy exceeds $75,000 are attached as **Exhibit E** (Plaintiff) and **Exhibit F** (Evanston). Based on the foregoing estimates, the amount in controversy as to only four of the 41 properties identified in Plaintiff's Complaint (*see* Compl. ¶ 4) is $141,694.94; thus, the total amount in controversy as to all properties is clearly in excess of $75,000.

18. Accordingly, based on Plaintiff's "previous demands and representations" seeking amounts in excess of $75,000 (*see Rogers*, 230 F.3d at 873), it is more likely than not that Plaintiff's claims meet the amount in controversy requirement.

19. While Evanston denies the allegations in Plaintiff's Complaint, and denies any liability to Plaintiff whatsoever, if Plaintiff proves it is entitled to the demanded relief against Evanston, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest, costs, and attorney fees. Notwithstanding that the diversity jurisdictional requirements have been met, nothing in this Notice of Removal should be construed as an admission that Plaintiff is entitled to any judgment in its favor.

WHEREFORE, the Defendant, Evanston Insurance Company, respectfully requests that the Complaint be removed from the Court of Common Pleas for the County of Muskingum, State of Ohio, and that this Court assume jurisdiction of this civil action to the exclusion of any further proceedings in the State Court.

Dated: November 14, 2023

Respectfully submitted,

DICKINSON WRIGHT PLLC

By:   /s/ David A. Lockshaw, Jr.
David A. Lockshaw, Jr. (0082403)
*Attorneys for Defendant*
180 E. Broad St., Ste. 3400
Columbus, Ohio 43215
Tel. (614) 744-2945
Fax. (844) 670-6009
dlockshaw@dickinson-wright.com

### CERTIFICATE OF SERVICES

This is to confirm that a copy of the forgoing *Notice of Removal to Federal Court* was electronically filed on November 14, 2023. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and the filing may be accessed through that system. Additionally, a true and accurate copy of the forgoing was served by first class United States mail, postage prepaid, that same date, upon the following:

THE LAW OFFICES OF BLAKE R. MAISLIN, LLC
Susan Butler, Esq
Blake Maislin, Esq.
2260 Francis Lane
Cincinnati, OH 45206
*Attorneys for Plaintiff*

  /s/ David A. Lockshaw, Jr.
David A. Lockshaw, Jr. (0082403)

4882-1630-9902 v5 [93199-101]